# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **JUDITH HANS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**HOPE HOSPICE AND COMMUNITY SERVICES, INC.**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:20-cv-131<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JUDITH HANS** ("**HANS**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) and Florida common law for (1) retaliation in violation of the FMLA, and (2) defamation.

## PARTIES

2. The Plaintiff, **JUDITH HANS** ("**HANS**") is an individual and a resident of Florida who at all material times resided in Collier County, Florida and was employed by **HOPE HOSPICE AND COMMUNITY SERVICES, INC.** ("**HOPE**" or "Defendant").

3. Defendant, **HOPE** is a Florida corporation that employed **HANS** in Lee County, Florida.

4. **HOPE** employs in excess of 50 employees and is an employer under the FMLA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7. **HANS** began her employment with the Defendant in 2006 as an activities director on a full-time basis.

8. **HANS** always performed her assigned duties in a professional manner and was very well qualified for her position.

9. **HANS** received good performance reviews from the Defendant's managers until she began suffering a serious health condition that required her hospitalization for about 5-days.

10. **HANS** promptly informed the Defendant of her status as an inpatient at the hospital and she was ultimately out of work for approximately 12-days due to her serious health condition.

11. While the Defendant granted **HANS** medical leave, it terminated her a mere 2-weeks after her return to work.

12. In order to effectuate **HANS**' termination, the Defendant concocted a false claim that **HANS** "stole" watches used as prizes in her activities despite the watches having been specifically donated for **HANS**' activities by a resident, who confirmed the same when the Defendant inquired.

13. Notwithstanding the falsehoods of its allegations, the Defendant went ahead and terminated **HANS** on June 6, 2018 anyway.

14. Subsequent to **HANS**' termination and continuing to the filing of this action, the Defendant has carried on with its retaliation by telling dozens of potential employers of **HANS** that she was fired for theft, a statement the Defendant knew to be false.

15. As a result of the Defendant's defamatory statements to potential employers of **HANS**, she has been wholly unable to secure subsequent employment.

16. The Defendant's tangible, adverse employment actions were causally connected to **HANS**'s need for FMLA leave and request for reinstatement.

17. The Defendant intentionally and systematically discriminated against **HANS** by using her serious health condition, her need for FMLA leave and request for reinstatement as the substantial or motivating factors in the Defendant's decision not to continue **HANS**'s employment and terminating her.

18. The Defendant terminated **HANS** as a direct result of her request and need for FMLA leave.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

19. The Plaintiff hereby incorporates by reference Paragraphs 1-18 in this Count by reference as though fully set forth below.

20. **HANS** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she herself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

21. **HANS** informed the Defendant of her likely need for leave for her own serious health condition.

22. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

23. If the Defendant were to have decided that **HANS**' absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

24. The Defendant has never provided **HANS** with any notice disqualifying her FMLA leave.

25. In fact, the Defendant determined that **HANS** was eligible for medical leave and terminated her employment because of her request for federally protected medical leave.

26. **HANS** engaged in activity protected by the FMLA when she requested leave due to her serious health condition, consistently informing the Defendant of the same.

27. The Defendant knew, or should have known, that **HANS** was exercising her rights under the FMLA and was aware of **HANS**' need for FMLA-protected absence.

28. **HANS** complied with all of the notice and due diligence requirements of the FMLA.

29. The Defendant was obligated, but failed, to allow **HANS** to take FMLA leave and to return **HANS**, an employee who requested and took FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

30. **HANS** engaged in activity protected by the FMLA when she requested leave due to her serious health condition, consistently informing the Defendant of the same.

31. The Defendant knew, or should have known, that **HANS** was exercising her rights under the FMLA and was aware of **HANS**' need for FMLA-protected absence.

32. A causal connection exists between **HANS**' request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **HANS** a benefit to which she was entitled under the FMLA.

33. The Defendant retaliated by altering the terms and conditions of **HANS**' employment by refusing to return her to work, thereby terminating **HANS**' employment because she engaged in the statutorily protected activity of requesting and taking FMLA leave. The Defendant refused to properly return **HANS** to work because **HANS** requested and took FMLA leave, and demanded reinstatement, and terminated her because he engaged in this statutorily protected activity.

34. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **HANS**'s employment because he engaged in activity protected by the FMLA.

35. As a result of the above-described violations of FMLA, **HANS** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate,

and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II- DEFAMATION

36. The Plaintiff hereby incorporates paragraphs 1-18 in this Count by reference.

37. **HANS** is a private citizen and is not public official.

38. The Defendant did publish false facts about **HANS** to potential employers of **HANS**.

39. The Defendant acted at least negligently in disclosing false facts to potential employers of **HANS**.

40. As a result of the Defendant's actions, **HANS** has suffered actual damages.

41. The Defendant's statements to **HANS**' potential employers were defamatory.

42. The Defendant's statements are not pure opinion.

43. The Defendant's statements to **HANS**' potential employers were in some significant respects false as their substance or gist conveyed a materially different meaning than the truth would have conveyed.

44. All conditions precedent to bringing this action have been performed, have occurred, or have been waived.

45. **HANS** has been forced to bring the instant action and as such is expending reasonable attorney's fees to pursue the instant action.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against the Defendant in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JUDITH HANS**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: February 27, 2020   **/s/ Benjamin H. Yormak**
              Benjamin H. Yormak
              Florida Bar Number 71272
              Trial Counsel for Plaintiff
              Yormak Employment & Disability Law
              9990 Coconut Road
              Bonita Springs, Florida 34135
              Telephone: (239) 985-9691
              Fax: (239) 288-2534
              Email: byormak@yormaklaw.com